UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| THOMAS GREGORY MANSFIELD,            ) | |
| )  | |
| Plaintiff,            ) | |
| )  | |
| vs.            ) | No. 22-1037-SHM-tmp |
| )  | |
| CCA – HARDEMAN COUNTY            ) | |
| CORRECTIONAL FACILITY, ET AL.,            ) | |
| )  | |
| Defendants.            ) | |
| )  | |

**ORDER DISMISSING THE CASE;
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL;
NOTIFYING MANSFIELD OF THE APPELLATE FILING FEE; AND
RECOMMENDING THAT THIS DISMISSAL BE TREATED AS A STRIKE
UNDER 28 U.S.C. § 1915(g)**

On March 4, 2022, Plaintiff Thomas Gregory Mansfield filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On April 12, 2022, the Court granted leave to proceed *in forma pauperis*. (ECF No. 8.) On May 25, 2022, the Court dismissed the complaint without prejudice for failure to state a claim to relief, granted leave to amend within twenty-one (21) days of the date of the May 25, 2022 Order, and denied Mansfield's pending motions. (*See* ECF No. 10 (the "Screening Order").)

Mansfield's deadline to amend expired on Thursday, June 16, 2022.[1] Mansfield did not file an amended complaint in a timely manner, and he did not seek an extension of time to amend.

---

[1] Fed. R. Civ. P. 6 explains how deadlines are computed when applying the Federal Rules of Civil Procedure. Saturdays, Sundays and legal holidays are not counted. Fed. R. Civ. P. 6(a)(1)(C). Memorial Day is defined as a "legal holiday." Fed. R. Civ. P. 6(a)(6)(A).

For this reason, the Court DISMISSES the case with prejudice in its entirety for the reasons discussed in the Screening Order.  *See* Fed. R. Civ. P. 41(b).  Judgment will be entered in accordance with that prior Order.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court CERTIFIES that any appeal in this matter by Mansfield would not be taken in good faith. The Court DENIES leave to proceed on appeal *in forma pauperis*.  If Mansfield nevertheless chooses to file a notice of appeal, Mansfield must either (1) pay the entire $505 appellate filing fee or, if Mansfield is confined at that time, (2) submit a new *in forma pauperis* affidavit and a current, certified copy of Mansfield's inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

For § 1915(g) analysis of Mansfield's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike.  *See* 28 U.S.C. § 1915(g); *see also Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021); ECF No. 10 at PageID 44 (recommending that a dismissal of the case for Mansfield's failure to timely amend be treated as a strike pursuant to § 1915(g).)

IT IS SO ORDERED, this 21 day of July, 2022.

    /s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE